**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY, UNITED STATES HOUSE OF REPRESENTATIVES, 2138 Rayburn House Office Building Washington, D.C. 20515,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD F. MCGAHN II, 51 Louisiana Avenue, N.W. Washington, D.C. 20001,<br><br>*Defendant*. | Case No. 1:19-cv-2379 |

# Exhibit B

**THE WHITE HOUSE**

WASHINGTON

May 20, 2019

The Honorable Jerrold Nadler
Chairman
Committee on the Judiciary
United States House of Representatives
Washington, D.C. 20515

Dear Chairman Nadler:

    I write in further reference to the subpoena issued by the Committee on the Judiciary of the United States House of Representatives (the "Committee") to Donald F. McGahn II on April 22, 2019. My previous letter, dated May 7, 2019, informed you that Acting Chief of Staff to the President Mick Mulvaney had directed Mr. McGahn not to produce the White House records sought by the subpoena because they remain subject to the control of the White House and implicate significant Executive Branch confidentiality interests and executive privilege. Accordingly, I asked that the Committee direct any request for such records to the White House. The subpoena also directs Mr. McGahn to appear to testify before the Committee at 10:00 a.m. on Tuesday, May 21, 2019.

    The Department of Justice (the "Department") has advised me that Mr. McGahn is absolutely immune from compelled congressional testimony with respect to matters occurring during his service as a senior adviser to the President. *See* Memorandum for Pat A. Cipollone, Counsel to the President, from Steven A. Engel, Assistant Attorney General, Office of Legal Counsel, *Re: Testimonial Immunity Before Congress of the Former Counsel to the President* (May 20, 2019). The Department has long taken the position—across administrations of both political parties—that "the President and his immediate advisers are absolutely immune from testimonial compulsion by a Congressional committee." *Immunity of the Former Counsel to the President from Compelled Congressional Testimony*, 31 Op. O.L.C. 191, 191 (2007) (quoting *Assertion of Executive Privilege with Respect to Clemency Decision*, 23 Op. O.L.C. 1, 4 (1999) (opinion of Attorney General Janet Reno)); *Immunity of the Counsel to the President from Compelled Congressional Testimony*, 20 Op. O.L.C. 308, 308 (1996). That immunity arises from the President's position as head of the Executive Branch and from Mr. McGahn's former position as a senior adviser to the President, specifically Counsel to the President.

    There is no question that the position of Counsel to the President falls within the scope of the immunity. The three previous opinions cited above directly addressed the immunity of Counsel to the President: Harriet Miers was a former Counsel to President George W. Bush, Beth Nolan was the current Counsel to President Clinton, and Jack Quinn was the current Counsel to President Clinton. Accordingly, Mr. McGahn cannot be compelled to appear before the Committee because "[s]ubjecting a senior presidential advisor to the congressional subpoena power would be akin to requiring the President himself to appear before Congress on matters relating to the performance

The Honorable Jerrold Nadler
Page 2

of his constitutionally assigned executive functions." *Assertion of Executive Privilege with Respect to Clemency Decision*, 23 Op. O.L.C. at 5. The constitutional immunity of current and former senior advisers to the President exists to protect the institution of the Presidency and, as stated by Attorney General Reno, "may not be overborne by competing congressional interests." *Id.*

Because of this constitutional immunity, and in order to protect the prerogatives of the Office of the Presidency, the President has directed Mr. McGahn not to appear at the Committee's scheduled hearing on Tuesday, May 21, 2019. This long-standing principle is firmly rooted in the Constitution's separation of powers and protects the core functions of the Presidency, and we are adhering to this well-established precedent in order to ensure that future Presidents can effectively execute the responsibilities of the Office of the Presidency. I attach the legal opinion provided by the Department of Justice for the Committee's review.

Please do not hesitate to contact me directly if you have any questions or would like to discuss this matter.

Sincerely,

Pat A. Cipollone
Counsel to the President

cc: The Honorable Doug Collins, Ranking Member