IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COMMITTEE ON THE JUDICIARY,
UNITED STATES HOUSE OF
REPRESENTATIVES,
2138 Rayburn House Office Building
Washington, D.C. 20515,

                      *Plaintiff*,

    v.

DONALD F. MCGAHN II,
51 Louisiana Avenue, N.W.
Washington, D.C. 20001,

                      *Defendant*.

Case No. 1:19-cv-2379

# Exhibit H

# SUBPOENA

## BY AUTHORITY OF THE HOUSE OF REPRESENTATIVES OF THE CONGRESS OF THE UNITED STATES OF AMERICA

To: The Honorable William P. Barr, Attorney General of the United States

You are hereby commanded to be and appear before the

Committee on the Judiciary

of the House of Representatives of the United States at the place, date, and time specified below.

[✓] **to produce the things identified on the attached schedule** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

> Place of production: 2138 Rayburn House Office Building, Washington, D.C., 20515
>
> Date: May 1, 2019                    Time: 10:00am

[ ] **to testify at a deposition** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

> Place of testimony: _____
>
> Date: _____ (and continuing until completed)   Time: _____

[ ] **to testify at a hearing** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

> Place of testimony: _____
>
> Date: _____                         Time: _____

To any authorized staff member or the U.S. Marshals Service _____ to serve and make return.

Witness my hand and the seal of the House of Representatives of the United States, at the city of Washington, D.C. this 18th day of April, 2019.

*Jerrold Nadler*
Chairman or Authorized Member

Attest: *Cheryl L. Johnson*
Clerk

## PROOF OF SERVICE

Subpoena for

The Honorable William P. Barr, Attorney General of the United States

Address  United States Department of Justice

950 Pennsylvania Ave., NW, Washington DC, 20530

before the  Committee on the Judiciary

*U.S. House of Representatives*
*116th Congress*

---

Served by (print name)  Aaron Hiller

Title  Deputy Chief Counsel, House Judiciary Committee

Manner of service  Electronic

Date  04/19/2019

Signature of Server  _/s/ Aaron Hiller_

Address  2138 Rayburn House Office Building

Washington, D.C. 20515

## SCHEDULE

You are hereby required to produce the following in accordance with the attached Definitions and Instructions:

1. The complete and unredacted version of the report submitted on or about March 22, 2019 by Special Counsel Robert Mueller, pursuant to his authority under 28 C.F.R. § 600.8(c), entitled, "Report on the Investigation into Russian Interference in the 2016 Presidential Election" ("the Report"). This includes, but is not limited to, all summaries, exhibits, indices, tables of contents or other tables or figures, appendices, supplements, addenda or any other attachments whether written or attached in a separate electronic format.

2. All documents referenced in the Report.

3. All documents obtained and investigative materials created by the Special Counsel's Office.

## **DEFINITIONS**

As used in this subpoena, the following terms shall be interpreted in accordance with these definitions:

1. "And," and "or," shall be construed broadly and either conjunctively or disjunctively to bring within the scope of this subpoena any information that might otherwise be construed to be outside its scope. The singular includes plural number, and vice versa. The masculine includes the feminine and neutral genders.

2. "Any" includes "all," and "all" includes "any."

3. "Communication(s)" means the transmittal of information by any means, whether oral, electronic, by document or otherwise, and whether in a meeting, by telephone, facsimile, mail, releases, electronic message including email, text message, instant message, MMS or SMS message, encrypted message, message application, social media, or otherwise.

4. "Employee" means any past or present agent, borrowed employee, casual employee, consultant, contractor, de facto employee, detailee, fellow, independent contractor, intern, joint adventurer, loaned employee, officer, part-time employee, permanent employee, provisional employee, special government employee, subcontractor, or any other type of service provider.

5. "Document" means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to, the following: memoranda, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, interoffice and intra-office communications, electronic mail ("e-mail"), instant messages, calendars, contracts, cables, notations of any type of conversation, telephone call, meeting or other communication, bulletins, printed matter, computer printouts, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, power point presentations, spreadsheets, and work sheets. The term "document" includes all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments to the foregoing, as well as any attachments or appendices thereto.

6. "Documents in your possession, custody or control" means (a) documents that are in your possession, custody, or control, whether held by you or your past or present agents, employees, or representatives acting on your behalf; (b) documents that you have a legal right to obtain, that you have a right to copy, or to which you have access; and (c) documents that have been placed in the possession, custody, or control of any third party. This includes but is not limited to documents that are or were held by your attorneys.

7. "Each" shall be construed to include "every," and "every" shall be construed to include "each."

8. "Including" shall be construed broadly to mean "including, but not limited to."

9. "Investigative materials" means any document created, generated, authored, or obtained by the Special Counsel's Office pursuant to the Special Counsel's Investigation, including but not limited to, prosecution memoranda, FBI 302 interview reports, signals intelligence, witness interviews, written interrogatories and responses, search warrants, subpoenas, Foreign

Intelligence Surveillance Act applications, notes, transcripts, reports, whether classified or unclassified.

10. "Person" or "persons" means natural persons, firms, partnerships, associations, corporations, subsidiaries, division, departments, joint ventures proprietorships, syndicates, or other legal business or government entities, and all subsidiaries, affiliates, divisions, departments, branches, or other units, thereof.

11. "Referenced" means cited, quoted, mentioned, described, alluded to, contained, incorporated, reproduced, or identified in any manner whatsoever.

12. "Relating to" shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, comprising, showing, setting forth, considering, recommending, concerning, or pertinent to that subject in any manner whatsoever.

13. "Special Counsel's Office" means the office created pursuant to Department of Justice Order No. 3915-17 issued by the Acting Attorney General on May 17, 2017 appointing Robert S. Mueller III as Special Counsel, and its employees.

14. "Special Counsel's Investigation" means the investigation conducted by the Special Counsel's Office pursuant to Department of Justice Order No. 3915-17 issued by the Acting Attorney General on May 17, 2017.

15. "The Report" means the complete and unredacted version of the report submitted on or about March 22, 2019 by Special Counsel Robert Mueller, pursuant to his authority under 28 C.F.R. § 600.8(c), entitled, "Report on the Investigation into Russian Interference in the 2016 Presidential Election."

## INSTRUCTIONS

1. In complying with this subpoena, you should produce all responsive documents in unredacted form that are in your possession, custody, or control or otherwise available to you, regardless of whether the documents are possessed directly by you. If a document is referenced in the Report in part, you should produce it in full in a complete and unredacted form.

2. Documents responsive to the subpoena should not be destroyed, modified, removed, transferred, or otherwise made inaccessible to the Committee.

3. In the event that a document is withheld in full or in part on any basis, including a claim of privilege, you should provide a log containing the following information concerning every such document: (i) the reason the document is not being produced; (ii) the type of document; (iii) the general subject matter; (iv) the date, author, addressee, and any other recipient(s); (v) the relationship of the author and addressee to each other; and (vi) any other description necessary to identify the document and to explain the basis for not producing the document. If a claimed privilege applies to only a portion of any document, that portion only should be withheld and the remainder of the document should be produced. As used herein, "claim of privilege" includes, but is not limited to, any claim that a document either may or must be withheld from production pursuant to any law, statute, rule, policy or regulation.

4. Any objections or claims of privilege are waived if you fail to provide an explanation of why full compliance is not possible and a log identifying with specificity the ground(s) for withholding each document prior to the subpoena compliance date.

5. In complying with the subpoena, be apprised that the Committee does not recognize: any purported non-disclosure privileges associated with the common law including, but not limited to the deliberative-process privilege, the attorney-client privilege, and attorney work product protections; or any purported contractual privileges, such as non-disclosure agreements.

6. Any assertion of any such non-constitutional legal bases for withholding documents or other materials, shall be of no legal force and effect and shall not provide a justification for such withholding or refusal, unless and only to the extent that the Committee has consented to recognize the assertion as valid.

7. Pursuant to 5 U.S.C. § 552(d), the Freedom of Information Act (FOIA) and any statutory exemptions to FOIA shall not be a basis for withholding any information.

8. Pursuant to 5 U.S.C. § 552a(b)(9), the Privacy Act shall not be a basis for withholding information.

9. If any document responsive to this subpoena was, but no longer is, in your possession, custody, or control, or has been placed into the possession, custody, or control of any third party and cannot be provided in response to this subpoena, you should identify the document (stating its date, author, subject and recipients) and explain the circumstances under which the document ceased to be in your possession, custody, or control, or was placed in the possession, custody, or control of a third party, including, but not limited to (a) how the document was disposed of; (b) the name, current address, and telephone number of the person who currently has possession, custody, or

control over the document; (c) the date of disposition; and (d) the name, current address, and telephone number of each person who authorized said disposition or who had or has knowledge of said disposition.

10. If any document responsive to this subpoena cannot be located, describe with particularity the efforts made to locate the document and the specific reason for its disappearance, destruction or unavailability.

11. In the event that any entity, organization, or individual named in the subpoena has been, or is currently, known by any other name, the subpoena should be read also to include such other names under that alternative identification.

12. All documents should be produced with Bates numbers affixed. The Bates numbers must be unique, sequential, fixed-length numbers and must begin with a prefix referencing the name of the producing party (e.g., ABCD-000001). This format must remain consistent across all productions. The number of digits in the numeric portion of the format should not change in subsequent productions, nor should spaces, hyphens, or other separators be added or deleted. All documents should be Bates-stamped sequentially and produced sequentially.

13. Documents produced pursuant to this subpoena should be produced in the order in which they appear in your files and should not be rearranged. Any documents that are stapled, clipped, or otherwise fastened together should not be separated. Documents produced in response to this subpoena should be produced together with copies of file labels, dividers, or identifying markers with which they were associated when this subpoena was issued. Indicate the office or division and person from whose files each document was produced.

14. Responsive documents must be produced regardless of whether any other person or entity possesses non-identical or identical copies of the same document.

15. Produce electronic documents as created or stored electronically in their original electronic format. Documents produced in electronic format should be organized, identified, and indexed electronically, in a manner comparable to the organization structure called for in Instruction 13 above.

16. Data may be produced on CD, DVD, memory stick, USB thumb drive, hard drive, or via secure file transfer, using the media requiring the least number of deliverables. Label all media with the following:

    a. Production date;

    b. Bates range;

    c. Disk number (1 of X), as applicable.

17. If a date or other descriptive detail set forth in this subpoena referring to a document, communication, meeting, or other event is inaccurate, but the actual date or other descriptive detail is known to you or is otherwise apparent from the context of the subpoena, you should produce all documents which would be responsive as if the date or other descriptive detail were correct.

18. The subpoena is continuing in nature and applies to any newly discovered document, regardless of the date of its creation. Any document not produced because it has not been located or discovered by the return date should be produced immediately upon location or discovery subsequent thereto.

19. Two sets of each production shall be delivered, one set to the Majority Staff and one set to the Minority Staff. Production sets shall be delivered to the Majority Staff in Room 2138 of the Rayburn House Office Building and the Minority Staff in Room 2142 of the Rayburn House Office Building. You should consult with Committee Majority Staff regarding the method of delivery prior to sending any materials.

20. If compliance with the subpoena cannot be made in full by the specified return date, compliance shall be made to the extent possible by that date. An explanation of why full compliance is not possible shall be provided along with any partial production. In the event that any responsive documents or other materials contain classified information, please immediately contact Committee staff to discuss how to proceed.

21. Upon completion of the document production, please submit a written certification, signed by you or by counsel, stating that: (1) a diligent search has been completed of all documents in your possession, custody, or control which reasonably could contain responsive documents; (2) documents responsive to the subpoena have not been destroyed, modified, removed, transferred, or otherwise made inaccessible to the Committee since the date of receiving the Committee's subpoena or in anticipation of receiving the Committee's subpoena, and (3) all documents identified during the search that are responsive have been produced to the Committee, identified in a log provided to the Committee, or otherwise identified as provided herein.

22. A cover letter should be included with each production including the following information:

    a. List of each piece of media (hard drive, thumb drive, DVD or CD) included in the production by the unique number assigned to it, and readily apparent on the physical media;

    b. List of fields in the order in which they are listed in the metadata load file;

    c. The paragraph(s) and/or clause(s) in the Committee's subpoena to which each document responds;

    d. Time zone in which emails were standardized during conversion (email collections only);

    e. Total page count and bates range for the entire production, including both hard copy and electronic documents.

23. You need not produce documents which are readily publicly available.

24. As to Item 3 in the Schedule, please consult with the Committee to determine a reasonable time period for compliance.