**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY, UNITED STATES HOUSE OF REPRESENTATIVES, 2138 Rayburn House Office Building Washington, D.C. 20515,<br><br>                    *Plaintiff*,<br><br>     v.<br><br>DONALD F. MCGAHN II, 51 Louisiana Avenue, N.W. Washington, D.C. 20001,<br><br>                    *Defendant*. | Case No. 1:19-cv-2379 |

# Exhibit N

JERROLD NADLER, New York
CHAIRMAN

ZOE LOFGREN, California
SHEILA JACKSON LEE, Texas
STEVE COHEN, Tennessee
HENRY C. "HANK" JOHNSON, JR., Georgia
TED DEUTCH, Florida
KAREN BASS, California
CEDRIC L. RICHMOND, Louisiana
HAKEEM S. JEFFRIES, New York
DAVID CICILLINE, Rhode Island
ERIC SWALWELL, California
TED LIEU, California
JAMIE RASKIN, Maryland
PRAMILA JAYAPAL, Washington
VAL DEMINGS, Florida
LOU CORREA, California
MARY GAY SCANLON, Pennsylvania
SYLVIA GARCIA, Texas
JOSEPH NEGUSE, Colorado
LUCY McBATH, Georgia
GREG STANTON, Arizona
MADELEINE DEAN, Pennsylvania
DEBBIE MUCARSEL-POWELL, Florida
VERONICA ESCOBAR, Texas

ONE HUNDRED SIXTEENTH CONGRESS

Congress of the United States
House of Representatives
COMMITTEE ON THE JUDICIARY
2138 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6216
(202) 225-3951
http://www.house.gov/judiciary

DOUG COLLINS, Georgia
RANKING MEMBER

F. JAMES SENSENBRENNER, JR., Wisconsin
STEVE CHABOT, Ohio
LOUIE GOHMERT, Texas
JIM JORDAN, Ohio
KEN BUCK, Colorado
JOHN RATCLIFFE, Texas
MARTHA ROBY, Alabama
MATT GAETZ, Florida
MIKE JOHNSON, Louisiana
ANDY BIGGS, Arizona
TOM McCLINTOCK, California
DEBBIE LESKO, Arizona
GUY RESCHENTHALER, Pennsylvania
BEN CLINE, Virginia
KELLY ARMSTRONG, Alabama
GREG STEUBE, Florida

May 3, 2019

The Honorable William P. Barr
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Dear Attorney General Barr:

  I write to respond to the Department's letter of May 1, 2019 refusing to comply with the Judiciary Committee's subpoena for the unredacted Mueller report, the documents it cites, and other underlying materials. As you know, the Committee has repeatedly engaged with your staff in writing, by telephone and in person to discuss a way forward on the subpoena.

  At the outset, we note that the Department has never explained why it is willing to allow only a small number of Members to view a less-redacted version of the report, subject to the condition that they cannot discuss what they have seen with anyone else. The Department also remains unwilling to work with the Committee to seek a court order permitting disclosure of materials in the report that are subject to Federal Rule of Criminal Procedure 6(e). And the Department has offered no reason whatsoever for failing to produce the evidence underlying the report, except for a complaint that there is too much of it and a vague assertion about the sensitivity of law enforcement files.

  Nonetheless, the Committee remains willing to negotiate a reasonable accommodation with the Department. First, the Committee requests that the Department reconsider its refusal to allow all Members of Congress and appropriate staff to view redacted portions of the report that are not subject to Rule 6(e) in a secure location in Congress. As the Committee has already indicated, Congress has ample means of providing for safe storage of these materials; and it is routinely entrusted with the responsibility to protect classified and other sensitive information.

1

Second, the Committee renews its request that the Department work jointly with Congress to seek a court order permitting disclosure of materials covered by Rule 6(e). The Department has asserted that Rule 6(e) "contains no exception" that would permit such disclosure, but courts have provided Rule 6(e) materials to Congress under the rule's "judicial proceeding" exception in the past,[1] and other exceptions may also be available.[2]

Third, the Committee is willing to prioritize a specific, defined set of underlying investigative and evidentiary materials for immediate production. As indicated in item two of the Committee's subpoena, the Committee has a heightened interest in obtaining access to the investigative and evidentiary materials specifically cited in the report. This discrete and readily identifiable set of documents includes reports from witness interviews (commonly known as "302s") and items such as contemporaneous notes taken by witnesses of relevant events. Since these materials are publicly cited and described in the Mueller report, there can be no question about the Committee's need for and right to this underlying evidence in order to independently evaluate the facts that Special Counsel Mueller uncovered and fulfill our constitutional duties. As the Mueller report makes clear, this need is amplified where, as here, Department policy prohibits the indictment of a sitting President and instead relies upon Congress to evaluate whether constitutional remedies are appropriate. In addition, to the extent these materials are classified or contain sensitive law enforcement information, we are prepared to maintain their confidentiality as we regularly do with similar information.

Fourth, as we have already indicated in the instructions to the subpoena, we are also prepared to discuss limiting and prioritizing our request in item three of the subpoena for other underlying evidence obtained by the Special Counsel's office.

Accommodation requires negotiation that takes into account the legitimate interests and responsibilities of both Congress and the Department. Your proposed conditions are a departure from accommodations made by previous Attorneys General of both parties. As recently as last Congress, the Department produced more than 880,000 pages of sensitive investigative materials pertaining to its investigation of Hillary Clinton, as well as much other material relating to the then-ongoing Russia investigation. That production included highly classified material, notes from FBI interviews, internal text messages, and law enforcement memoranda. The volume of documents cited in the Special Counsel's report is surely smaller, and the Committee is willing

---

[1] *See, e.g., In re Grand Jury Proceedings of Grand Jury No. 81-1 (Miami)*, 669 F. Supp. 1072, 1075-76 (S.D. Fla. 1987).

[2] *See* Fed. R. Crim. P. 6(e)(3)(D) (allowing disclosure of grand jury materials "involving foreign intelligence, counterintelligence . . . , or foreign intelligence information" to "any federal law enforcement, intelligence, . . . or national security official to assist the official receiving the information in the performance of that official's duties"); *id.* (allowing disclosure of grand jury materials relating to "a threat of attack or other grave hostile acts of a foreign power or its agent . . . , or clandestine intelligence gathering activities by an intelligence service or network of a foreign power or by its agent" to "any appropriate federal . . . official").

to work with the Department to prioritize production of materials even within that defined category. Additionally, in the most recent prior instance in which the Department conducted an investigation of a sitting President, Kenneth Starr produced a 445-page report to Congress along with 18 boxes of accompanying evidence.

Lastly, it cannot go unremarked that, in refusing to comply with congressional oversight requests, the Department has repeatedly asserted that Congress's requests do not serve "legitimate" purposes. This is not the Department's judgment to make. Congress's constitutional, oversight and legislative interest in investigating misconduct by the President and his associates cannot be disputed. The Committee has ample jurisdiction under House Rule X(*l*) to conduct oversight of the Department, undertake necessary investigations, and consider legislation regarding the federal obstruction of justice statutes, campaign-related crimes, and special counsel investigations, among other things.

The Committee is prepared to make every realistic effort to reach an accommodation with the Department. But if the Department persists in its baseless refusal to comply with a validly issued subpoena, the Committee will move to contempt proceedings and seek further legal recourse.

We request a response by 9 a.m. on Monday, May 6, 2019. Please do not hesitate to contact us if you have any questions.

Sincerely,

*[signature: Jerrold Nadler]*

Jerrold Nadler
Chairman
House Committee on the Judiciary

cc:   The Hon. Doug Collins
      Ranking Member, House Committee on the Judiciary

3