# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

COMMITTEE ON THE JUDICIARY,
UNITED STATES HOUSE OF
REPRESENTATIVES,
2138 Rayburn House Office Building
Washington, D.C. 20515,

                          *Plaintiff*,

   v.

DONALD F. MCGAHN II,
51 Louisiana Avenue, N.W.
Washington, D.C. 20001,

                          *Defendant*.

Case No. 1:19-cv-2379

# Exhibit W

JERROLD NADLER, New York
CHAIRMAN

DOUG COLLINS, Georgia
RANKING MINORITY MEMBER

# U.S. House of Representatives
## Committee on the Judiciary
### Washington, DC 20515-6216
#### One Hundred Sixteenth Congress

May 17, 2019

Donald F. McGahn II, Esq.
c/o William A. Burck, Esq.
Quinn Emanuel Urquhart & Sullivan
1300 I St. NW
Suite 9000
Washington, D.C. 20005

Dear Mr. McGahn:

      The Committee on the Judiciary will hold a hearing on "Oversight of the Report by Special Counsel Robert S. Mueller, III: Former White House Counsel Donald F. McGahn, II," on May 21, 2019 at 10:00 a.m., in Room 2141 of the Rayburn House Office Building. As you know, your presence is required pursuant to the subpoena the Committee served on you compelling your testimony for that date.[1]

      On May 7, 2019, I wrote to your counsel and made clear that, absent a court order directing otherwise, you must appear or the Committee will proceed to hold you in contempt.[2] We have received no information indicating that any such order has been sought, much less obtained. In fact, the Committee has not even been provided a Department of Justice, Office of Legal Counsel (OLC) opinion articulating a legitimate legal basis that prevents you from providing testimony about the subject matters disclosed in the Special Counsel's report. This is not surprising given that you have already discussed these subjects at length as part of an investigation for which the President expressly waived privilege, has publicly commented on, and even has disputed not only your account of the relevant events but also your good faith.

      As I have previously stated, the Committee intends to focus on the very topics covered in the Special Counsel's Report. For that reason, there can be no valid assertion of executive privilege given that President Trump "declined to assert any privilege over Mr. McGahn's testimony,"[3] or over any portion of the Report itself.[4]

---

[1] Subpoena by Authority of the House of Representatives of the United States of America to Donald F. McGahn for documents and testimony, signed by Representative Jerrold Nadler, April 22, 2019. Enclosed please find additional information related to your testimony.

[2] Letter to William A. Burck from Chairman Jerrold Nadler (May 7, 2019).

[3] Michael S. Schmidt & Maggie Haberman, *White House Counsel, Don McGahn, Has Cooperated Extensively in Mueller Inquiry*, N.Y. TIMES, Aug. 18, 2018.

[4] *In re Sealed Case*, 121 F.3d 729, 741 (D.C. Cir. 1997) (holding that publication of information "waives [] privileges for the document or information specifically release[d].").

Moreover, the subject of your testimony is critical to this Committee's ongoing investigative, oversight, and legislative efforts.[5] Since the Committee's last letter, the President on May 11, 2019, tweeted: "I was NOT going to fire Bob Mueller, and did not fire Bob Mueller. . . . Actually, Don McGahn had a much better chance of being fired than Mueller. Never a big fan!" The President's personal attorney, Rudolph Guiliani, likewise previously stated in an interview that your accounting of events "can't be taken at face value" and "could be the product of an inaccurate recollection or could be the product of something else."[6] Your testimony regarding these events—which the President and his counsel now unequivocally dispute—is thus critical to the Committee's ongoing investigation. In addition, the Committee is committed to providing you the opportunity to address the scurrilous allegations by the President and his counsel that you were not truthful or accurate in your interviews with the Special Counsel.

For all these reasons, the Committee looks forward to your testimony on May 21. To be clear, even if the President—supported by an OLC Opinion—invokes executive privilege over your testimony, and you decide to abide by that improper assertion, you are still required under the law and the penalty of contempt to "appear before the Committee to provide testimony, and invoke executive privilege where appropriate."[7]

Sincerely,

*Jerrold Nadler*

Jerrold Nadler
Chairman
House Committee on the Judiciary

cc:   Doug Collins
      Ranking Member
      House Committee on the Judiciary

---

[5] The Committee's need for this information is indisputably of the highest order, including fulfilling its constitutionally mandated legislative and oversight duties relating to election security, and investigating allegations of *Presidential* obstruction of justice. *See* Resolution Recommending that the House of Representatives Find William P. Barr, Attorney General, U.S. Department of Justice, In Contempt of Congress for Refusal to Comply with a Subpoena Duly Issued by the Committee on the Judiciary, Committee on the Judiciary, House, 116th Cong. 1. (2019).

[6] Michael S. Schmidt and Maggie Haberman, *Giuliani Attacks McGahn's Account to Mueller*, N.Y. TIMES, Apr. 19, 2019.

[7] *See* Mem. Op., *Comm. on Judiciary v. Miers*, No. 08-cv-0409-JDB (D.D.C. Jul. 31, 2008), at 106.