**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

COMMITTEE ON THE JUDICIARY,
UNITED STATES HOUSE OF
REPRESENTATIVES,
2138 Rayburn House Office Building
Washington, D.C. 20515,

$\qquad$ *Plaintiff*,

v.

DONALD F. MCGAHN II,
51 Louisiana Avenue, N.W.
Washington, D.C. 20001,

$\qquad$ *Defendant*.

---

Case No. 1:19-cv-2379

# Exhibit Z

# U.S. House of Representatives
## Committee on the Judiciary
### Washington, DC 20515–6216
### One Hundred Sixteenth Congress

May 31, 2019

Donald F. McGahn II, Esq.
c/o William A. Burck, Esq.
Quinn Emanuel Urquhart & Sullivan
1300 I St. NW
Suite 9000
Washington, D.C. 20005

Mr. Pat Cipollone
Counsel to the President
The White House
1600 Pennsylvania Ave, N.W.
Washington, D.C. 20002

Dear Mr. McGahn and Mr. Cipollone:

I write to follow up on the Committee's prior correspondence to Donald F. McGahn II and/or his counsel dated May 7, 2019, May 17, 2019, and May 20, 2019 (all of which are attached), regarding the Judiciary Committee's April 22, 2019 subpoena to Mr. McGahn.

First, with respect to the production of documents, counsel for Mr. McGahn informed us on May 7, 2019 that he would not produce documents in his possession responsive to the Committee's subpoena. The stated reason for the failure to produce responsive documents was that the White House directed that such materials be withheld "'because they implicate significant Executive Branch confidentiality interests and executive privilege.'" As explained in the Committee's May 7 letter to Mr. McGahn's counsel, the Committee does not consider a direction by the White House to be a proper or legitimate assertion of any legal privilege. Moreover, the Committee disputes that any valid claim of privilege exists as to documents provided by the White House to Mr. McGahn and/or his counsel. Finally, as the May 7 letter made clear, regardless of the White House's direction, the Committee's subpoena to Mr. McGahn obligates him to produce a log as to any documents in his possession, custody, or control that are being withheld on the grounds of privilege.

We have not yet received such a log, which was due on May 7. To facilitate the resolution of this dispute regarding the log, the Committee is prepared to accept a modified log

that sets forth only the author, recipient(s), and the general subject matter of the record being withheld, as well as the basis for the assertion of the privilege.  That is the minimum amount of information that has been accepted by the federal courts.[1]  We request that Mr. McGahn produce a modified log not later than June 7, 2019, as well as any documents responsive to the subpoena for which no claim of privilege is being asserted.

Turning to Mr. McGahn's testimony, for all the reasons explained in the Committee's May 7, May 17, and May 20 letters, it was unlawful for Mr. McGahn to fail to appear altogether before the Committee on May 21.  He, like any other witness, "must appear before the Committee to provide testimony, and invoke executive privilege where appropriate."[2]  In addition, the Committee intends to inquire about certain events that postdate Mr. McGahn's time at the White House, such as the President's public statements regarding Mr. McGahn and the White House's communications with and requests of Mr. McGahn or his counsel.  The Committee views these subjects as not subject to any possible claim of privilege.  Nevertheless, the Committee remains willing to discuss any reasonable accommodation(s) that would facilitate Mr. McGahn's appearance before the Committee, including limiting the testimony to the specific events detailed in the Special Counsel's report, identifying with greater specificity the precise areas of intended inquiry, and agreeing to the presence of White House counsel during any testimony, so that Mr. McGahn may consult regarding the assertion of executive privilege.  Please let us know whether you are willing to engage in such accommodation discussions by no later than June 7.

Sincerely,

Jerrold Nadler
Chairman
House Committee on the Judiciary

cc:   The Hon. Doug Collins
      Ranking Member, House Committee on the Judiciary

Enclosures

---

[1] *Comm. on Oversight & Gov't Reform v. Holder*, No. CV 12-1332 (ABJ), 2014 WL 12662665, at *2 (D.D.C. Aug. 20, 2014), *modified*, No. CV 12-1332 (ABJ), 2014 WL 12662666 (D.D.C. Sept. 9, 2014) (citing *Comm. on the Judiciary v. Miers*, 558 F. Supp. 2d 53, 107 (D.D.C. 2008)).

[2] *Comm. on the Judiciary v. Miers*, 558 F. Supp. 2d 53, 107 (D.D.C. 2008).  *See also U.S. v. Bryan*, 339 U.S. 323, 331 (1950) ("persons summoned as witnesses by competent authority have certain minimum duties and obligations which are necessary concessions to the public interest in the orderly operation of legislative and judicial machinery").

JERROLD NADLER, New York
  CHAIRMAN
  _____

ZOE LOFGREN, California
SHEILA JACKSON LEE, Texas
STEVE COHEN, Tennessee
HENRY C. "HANK" JOHNSON, JR., Georgia
TED DEUTCH, Florida
KAREN BASS, California
CEDRIC L. RICHMOND, Louisiana
HAKEEM S. JEFFRIES, New York
DAVID CICILLINE, Rhode Island
ERIC SWALWELL, California
TED LIEU, California
JAMIE RASKIN, Maryland
PRAMILA JAYAPAL, Washington
VAL DEMINGS, Florida
LOU CORREA, California
MARY GAY SCANLON, Pennsylvania
SYLVIA GARCIA, Texas
JOSEPH NEGUSE, Colorado
LUCY McBATH, Georgia
GREG STANTON, Arizona
MADELEINE DEAN, Pennsylvania
DEBBIE MUCARSEL-POWELL, Florida
VERONICA ESCOBAR, Texas

ONE HUNDRED SIXTEENTH CONGRESS

# Congress of the United States

## House of Representatives

COMMITTEE ON THE JUDICIARY

2138 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515-6216

(202) 225-3951
http://www.house.gov/judiciary

DOUG COLLINS, Georgia
  RANKING MEMBER
  _____

F. JAMES SENSENBRENNER, JR., Wisconsin
STEVE CHABOT, Ohio
LOUIE GOHMERT, Texas
JIM JORDAN, Ohio
KEN BUCK, Colorado
JOHN RATCLIFFE, Texas
MARTHA ROBY, Alabama
MATT GAETZ, Florida
MIKE JOHNSON, Louisiana
ANDY BIGGS, Arizona
TOM McCLINTOCK, California
DEBBIE LESKO, Arizona
GUY RESCHENTHALER, Pennsylvania
BEN CLINE, Virginia
KELLY ARMSTRONG, Alabama
GREG STEUBE, Florida

May 7, 2019

William A. Burck, Esq.
Quinn Emanuel Urquhart & Sullivan
1300 I St. NW
Suite 9000
Washington, D.C. 20005

Dear Mr. Burck:

On Monday, April 22, the House Committee on the Judiciary served a subpoena on your client, former White House Counsel Donald F. McGahn II, compelling the production of documents in Mr. McGahn's possession or control by May 7, and his testimony on May 21, 2019. We write in response to your letter received this morning regarding that subpoena.

As an initial matter, regarding the subpoenaed documents, the White House Counsel's letter did not actually *invoke* executive privilege, but rather merely suggested at the 11th hour – without providing any supporting authority – that all requested documents "*implicate* significant Executive Branch confidential interests and executive privilege."[1] This blanket suggestion of potential privilege is entirely insufficient. As the district court for the District of Columbia held in *Committee on the Judiciary v. Miers*, a subpoena recipient is "not excused from compliance with [a] Committee's subpoena by virtue of a claim of executive privilege that *may ultimately be made*."[2] Nor can a "blanket assertion of privilege over all records generated after a particular date . . . pass muster," without a "showing . . . that any of the individual records satisf[y] the prerequisites for the application of the privilege."[3]

Even if the President were to properly invoke privilege, any claim of executive privilege has been waived as to documents that the White House voluntarily disclosed to Mr. McGahn and

---

[1] Letter to Chairman Nadler from Pat A. Cipollone (May 7, 2019) (*emphasis added*).

[2] Mem. Op., *Comm. on Judiciary v. Miers*, No. 08-cv-0409-JDB (D.D.C. Jul. 31, 2008), at 91 (emphasis added).

[3] *Committee on the Judiciary, U.S. House of Representatives v. Miers*, 558 F. Supp. 2d 53 (D.D.C. 2008).

his counsel.  The D.C. Circuit expressly held in *In re Sealed Case (Espy)* that the White House "waive[s] its claims of privilege in regard to specific documents that it voluntarily reveal[s] to third parties outside the White House."[4]  In *Espy*, as is the case here, the disclosure at issue was to the attorney for a former government official.[5]  Thus, given that there has been neither an actual assertion of executive privilege, nor an individualized showing that the privilege would apply to the subpoenaed records, the Committee continues to insist upon compliance with the subpoena.

As to Mr. McGahn's own document production obligations, the subpoena plainly directs that your client must provide a privilege log containing specific information for any document in his possession or control that "is withheld in full or in part on any basis," including on "the basis of a privilege asserted by or on behalf of the White House, or at the request of the White House."[6]  As the instructions also make clear, any "objections or claims of privilege are waived if you fail to provide an explanation of why full compliance is not possible and a log identifying with specificity the ground(s) for withholding each withheld document prior to the request compliance date."[7]  In accordance with the requirements laid out in our subpoena, we expect a full privilege log specifying each document withheld, the asserted basis for so doing and the other information demanded, to be provided forthwith.

Turning to the other requirement of the subpoena – that Mr. McGahn appear before the Committee to provide testimony in two weeks – I fully expect that the Committee will hold Mr. McGahn in contempt if he fails to appear before the Committee, unless the White House secures a court order directing otherwise.[8]  Further, even if Mr. McGahn is authorized by court order to invoke executive privilege as to certain testimony, he still is required by law to "appear before the Committee to provide testimony, and invoke executive privilege where appropriate."[9]

Consistent with the rules of the House of Representatives, and as the Supreme Court has admonished, "[a] subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase.  If that were the case, then, indeed, the great power of testimonial compulsion, so necessary to the effective functioning of courts and legislatures, would be a nullity."[10]  And the Supreme Court has "often iterated the

---

[4] *In re Sealed Case*, 121 F.3d 729, 741-42 (D.C. Cir. 1997).

[5] *See id.*

[6] Subpoena by Authority of the House of Representatives of the United States of America to Donald F. McGahn for documents and testimony, signed by Representative Jerrold Nadler, April 22, 2019.

[7] *Id.*

[8] *See, e.g., United States v. Bryan*, 339 U.S. 323, 332 (1950) (reasoning that a party cannot fail to comply with a subpoena absent a "return of the writ" providing reasons for non-compliance, because to "deny the Committee the opportunity to consider the objection or remedy it is in itself a contempt of its authority and an obstruction of its processes").

[9] *Miers*, 558 F. Supp. 2d 53, 106 (D.D.C. 2008).

[10] *Bryan*, 339 U.S. at 331.

2

importance of this public duty, which every person within the jurisdiction of the Government is bound to perform when properly summoned."[11]

As I am sure you are aware, the President recently declared that he is "fighting *all* the subpoenas" issued by Congress, evidently without regard to whether he has any legal basis to do so.[12]  To be clear, a letter from the White House in service of the President's apparent goal of blocking or delaying testimony that the President believes would be politically damaging is not a basis for Mr. McGahn to violate his legal obligation to appear before the Committee.  Rather, if the President wishes to block Mr. McGahn's appearance in the face of a duly issued subpoena, the burden rests with the White House to file an action in court to attempt to do so.

Moreover, with regard to Mr. McGahn's testimonial obligations, there is no valid executive privilege invocation that could be asserted in good faith regarding the subject of the Special Counsel's investigation and report.  President Trump had the opportunity to assert executive privilege over Mr. McGahn's interviews with the Special Counsel and, for strategic reasons, "declined to assert any privilege over Mr. McGahn's testimony," allowing Mr. McGahn to answer the Special Counsel's questions "fulsomely and honestly."[13]  Thereafter, the White House made the same strategic decision with regard to publication of the report itself not to assert executive privilege over *any* portion of the report, including portions describing Mr. McGahn's communications with the President and other senior officials in extensive detail.[14]  As the D.C. Circuit has already recognized, publication of such information "waives [] privileges for the document or information specifically released."[15]

The President and his personal counsel have also routinely commented publicly regarding the President's communications with Mr. McGahn, and the content of Mr. McGahn's testimony to the Special Counsel.  By way of example, on April 25, shortly after the Report was released, President Trump denied a central event described by Mr. McGahn, tweeting, "I never told the White House Counsel Don McGahn to fire Robert Mueller."[16]  As has long been recognized, no person—not even the President—can employ privilege as both a sword and a shield, selectively cherry picking which information to tout publicly in his defense, and which information to deliberately withhold from the American people.[17]

---

[11] *Id.*

[12] Charlie Savage, *Trump Vows Stonewall of 'All' House Subpoenas*, N.Y. Times, Apr. 24, 2019 (emphasis added).

[13] Michael S. Schmidt & Maggie Haberman, *White House Counsel, Don McGahn, Has Cooperated Extensively in Mueller Inquiry*, N.Y. TIMES, Aug. 18, 2018.

[14] Attorney General Barr Press Conference on April 18, 2019 (the President confirmed that "he would not assert privilege over the Special Counsel's report . . . [and] no material has been redacted based on executive privilege.").

[15] *In re Sealed Case*, 121 F.3d. at 741.

[16] Donald J. Trump (@realDonaldTrump), Twitter (Apr. 25, 2019, 4:47 AM).

[17] *See, e.g., Nixon v. Sirica*, 487 F.2d 700, 717-18 (D.C. Cir. 1973) (considering public statements by President Nixon to be a factor undermining the White House claimed need for confidentiality in related conversations).

Lastly, this Committee is currently engaged in an investigation into alleged obstruction of justice, public corruption and other abuses of power by the President and his administration. Even in its redacted form, the Special Counsel's report offers substantial evidence and analysis that the President did, in fact, engage in multiple acts of obstruction. Mr. McGahn provided critical information that appears throughout Volume II of the Special Counsel's report, detailing incidents in which, *inter alia*, the President: sought to stop former Attorney General Sessions from recusing himself from the Russia investigation and then to have Sessions reverse his recusal decision[18]; directed Mr. McGahn to have Special Counsel Mueller fired[19]; directed Mr. McGahn to deny that attempted firing[20]; and sought to curtail the scope of the Special Counsel's investigation.[21]  Where, as here, there is substantial evidence indicating that the President engaged in such misconduct, the public interest in the "fair administration of justice" outweighs the President's "generalized interest in confidentiality."[22]

For all these reasons, Mr. McGahn is required to appear and provide testimony before the Committee absent a court order authorizing non-compliance, as well as provide a privilege log for any documents withheld.  Otherwise, the Committee will have no choice but to resort to contempt proceedings to ensure that it has access to the information it requires to fulfill its constitutionally mandated duties.

Sincerely,

Jerrold Nadler
Chairman
House Committee on the Judiciary

cc:     Doug Collins
        Ranking Member
        House Committee on the Judiciary

---

[18] Special Counsel Robert S. Mueller III, *Report on the Investigation Into Russian Interference in the 2016 Presidential Election*, Vol. II, at 48-51, 107-11 (hereinafter "Mueller Report").
[19] *Id.* Vol. II, at 77-87.
[20] *Id.* Vol. II, at 90-94.
[21] *Id.* Vol. II, at 113-18.
[22] *United States v. Nixon*, 418 U.S. 683, 713 (1974).

4

JERROLD NADLER, New York
CHAIRMAN

DOUG COLLINS, Georgia
RANKING MINORITY MEMBER

# U.S. House of Representatives
## Committee on the Judiciary

Washington, DC 20515–6216
One Hundred Sixteenth Congress
May 17, 2019

Donald F. McGahn II, Esq.
c/o William A. Burck, Esq.
Quinn Emanuel Urquhart & Sullivan
1300 I St. NW
Suite 9000
Washington, D.C. 20005

Dear Mr. McGahn:

The Committee on the Judiciary will hold a hearing on "Oversight of the Report by Special Counsel Robert S. Mueller, III: Former White House Counsel Donald F. McGahn, II," on May 21, 2019 at 10:00 a.m., in Room 2141 of the Rayburn House Office Building. As you know, your presence is required pursuant to the subpoena the Committee served on you compelling your testimony for that date.[1]

On May 7, 2019, I wrote to your counsel and made clear that, absent a court order directing otherwise, you must appear or the Committee will proceed to hold you in contempt.[2] We have received no information indicating that any such order has been sought, much less obtained. In fact, the Committee has not even been provided a Department of Justice, Office of Legal Counsel (OLC) opinion articulating a legitimate legal basis that prevents you from providing testimony about the subject matters disclosed in the Special Counsel's report. This is not surprising given that you have already discussed these subjects at length as part of an investigation for which the President expressly waived privilege, has publicly commented on, and even has disputed not only your account of the relevant events but also your good faith.

As I have previously stated, the Committee intends to focus on the very topics covered in the Special Counsel's Report. For that reason, there can be no valid assertion of executive privilege given that President Trump "declined to assert any privilege over Mr. McGahn's testimony,"[3] or over any portion of the Report itself.[4]

---

[1] Subpoena by Authority of the House of Representatives of the United States of America to Donald F. McGahn for documents and testimony, signed by Representative Jerrold Nadler, April 22, 2019. Enclosed please find additional information related to your testimony.

[2] Letter to William A. Burck from Chairman Jerrold Nadler (May 7, 2019).

[3] Michael S. Schmidt & Maggie Haberman, *White House Counsel, Don McGahn, Has Cooperated Extensively in Mueller Inquiry*, N.Y. TIMES, Aug. 18, 2018.

[4] *In re Sealed Case*, 121 F.3d 729, 741 (D.C. Cir. 1997) (holding that publication of information "waives [] privileges for the document or information specifically release[d].").

Moreover, the subject of your testimony is critical to this Committee's ongoing investigative, oversight, and legislative efforts.[5]  Since the Committee's last letter, the President on May 11, 2019, tweeted: "I was NOT going to fire Bob Mueller, and did not fire Bob Mueller. . . . Actually, Don McGahn had a much better chance of being fired than Mueller.  Never a big fan!"  The President's personal attorney, Rudolph Guiliani, likewise previously stated in an interview that your accounting of events "can't be taken at face value" and "could be the product of an inaccurate recollection or could be the product of something else."[6]  Your testimony regarding these events—which the President and his counsel now unequivocally dispute—is thus critical to the Committee's ongoing investigation.  In addition, the Committee is committed to providing you the opportunity to address the scurrilous allegations by the President and his counsel that you were not truthful or accurate in your interviews with the Special Counsel.

For all these reasons, the Committee looks forward to your testimony on May 21.  To be clear, even if the President—supported by an OLC Opinion—invokes executive privilege over your testimony, and you decide to abide by that improper assertion, you are still required under the law and the penalty of contempt to "appear before the Committee to provide testimony, and invoke executive privilege where appropriate."[7]

Sincerely,

Jerrold Nadler
Chairman
House Committee on the Judiciary

cc:     Doug Collins
        Ranking Member
        House Committee on the Judiciary

---

[5] The Committee's need for this information is indisputably of the highest order, including fulfilling its constitutionally mandated legislative and oversight duties relating to election security, and investigating allegations of *Presidential* obstruction of justice. *See* Resolution Recommending that the House of Representatives Find William P. Barr, Attorney General, U.S. Department of Justice, In Contempt of Congress for Refusal to Comply with a Subpoena Duly Issued by the Committee on the Judiciary, Committee on the Judiciary, House, 116th Cong. 1. (2019).

[6] Michael S. Schmidt and Maggie Haberman, *Giuliani Attacks McGahn's Account to Mueller*, N.Y. TIMES, Apr. 19, 2019.

[7] *See* Mem. Op., *Comm. on Judiciary v. Miers*, No. 08-cv-0409-JDB (D.D.C. Jul. 31, 2008), at 106.

JERROLD NADLER, New York
CHAIRMAN                                                                          DOUG COLLINS, Georgia
RANKING MINORITY MEMBER

# U.S. House of Representatives
## Committee on the Judiciary
### Washington, DC 20515–6216
#### One Hundred Sixteenth Congress

May 20, 2019

Donald F. McGahn II, Esq.
c/o William A. Burck, Esq.
Quinn Emanuel Urquhart & Sullivan
1300 I St. NW
Suite 9000
Washington, D.C. 20005

Dear Mr. McGahn:

As you know, your presence is required tomorrow morning for a hearing before the Committee on the Judiciary pursuant to a subpoena compelling your testimony.[1]  This afternoon, White House Counsel Pat Cipollone informed me that President Trump has ordered you not to testify.[2]  President Trump's order—which seeks to block a former official from informing a coequal branch of government about his own misconduct—is unprecedented and, contrary to the letter received from your counsel this evening, does not excuse your obligation to appear before the Committee.

*First*, although the Justice Department's Office of Legal Counsel (OLC) has produced an opinion purporting to excuse you from testifying, that opinion has no support in relevant case law, and its arguments have been flatly rejected by the courts.  As Judge Bates previously explained, the notion that a former White House Counsel is "absolutely immune" from a congressional subpoena has been "virtually foreclosed by the Supreme Court," which held several decades ago that senior White House aides do not enjoy such immunity even from civil damages suits.[3]  OLC's most recent opinion—which relies almost entirely on its own prior opinions—offers no persuasive reasoning for distinguishing Judge Bates's ruling or relevant Supreme Court case law.[4]

---

[1] Subpoena by Authority of the House of Representatives of the United States of America to Donald F. McGahn for documents and testimony, signed by Representative Jerrold Nadler, April 22, 2019.

[2] Letter to Hon. Jerrold Nadler, Chairman, H. Comm. on the Judiciary from Pat Cipollone, White House Counsel (May 20, 2019).

[3] *Comm. on the Judiciary, U.S. House of Reps. v. Miers*, 558 F. Supp. 2d 53, 100 (D.D.C. 2008) (citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

[4] *See* Steven A. Engel, Assistant Attorney General, Office of Legal Counsel, *Testimonial Immunity Before Congress of the Former Counsel to the President* (May 20, 2019) ("Engel Op.").

*Second*, the Justice Department's own longstanding policy is that "executive privilege . . . should not be invoked to conceal evidence of wrongdoing or criminality on the part of executive officers."[5] Tellingly, the Department's opinion ignores that policy entirely. Yet as I have already made clear, the Committee plans to ask you about instances in which the President took actions or ordered you to take actions that may constitute criminal offenses, including obstruction of justice. Despite the Department's apparent efforts to catalogue every instance in which a White House aide has refused to testify before Congress, the Department can cite no example where Congress planned to ask that White House aide about possible crimes committed by the President. Perhaps that is because—until now—no President would have engaged in such a transparent effort to block his own former aides from testifying about the President's misconduct.

*Third*, in addition to the President not asserting executive privilege with respect to your account of the relevant events that was published in the Special Counsel's report, the President himself has already called your credibility into question. He tweeted less than 10 days ago that he "was NOT going to fire Bob Mueller," denying a central event that you described to Special Counsel Mueller under penalty of felony. At the same time, he has asked you to state publicly that he did not engage in obstruction of justice.[6] In attacking your credibility and asking you to make public comments about these events, the President has not only further waived any possible privilege with regard to your testimony; he has also created substantial concerns about acts of witness intimidation and further obstruction of Congress's ongoing investigations. Because these incidents post-date your service as White House Counsel and occurred while you were a private citizen, the Committee is plainly entitled to ask you about them without raising even potential privilege issues.

*Fourth*, nowhere in OLC's 15-page opinion or in Mr. Cipollone's letter to me is there mention of President Trump actually invoking executive privilege. OLC's opinion deals exclusively with your purported "immunity" from testimony and concludes (erroneously) that you are "not legally required to appear and testify."[7] Mr. Cipollone's letter to me reiterates that conclusion and states that "the President has directed Mr. McGahn not to appear" at tomorrow's hearing.[8] But—in marked contrast to the letter sent by the White House to former White House Counsel Harriet Miers (which itself was rejected as improper by the court)—Mr. Cipollone's

---

[5] Robert B. Shanks, *Congressional Subpoenas of Department of Justice Investigative Files*, 8 Op. O.L.C. 252, 267 (1984).

[6] Michael S. Schmidt, *White House Asked McGahn to Declare Trump Never Obstructed Justice*, N.Y. Times, May 10, 2019.

[7] Engel Op. at 15.

[8] Letter to Hon. Jerrold Nadler, Chairman, H. Comm. on the Judiciary from Pat Cipollone, White House Counsel (May 20, 2019).

letter does not state that President Trump has asserted executive privilege with respect to your testimony, nor could he.[9]   At most, the Department's conclusions regarding your "immunity" (even if accepted as correct, which they are not) mean that the decision whether to comply with the Committee's lawful subpoena rests solely in your hands.

*Fifth*, contrary to the reference in your counsel's letter, there has been no suggestion by President Trump or by anyone speaking on his behalf that attorney-client privilege poses an obstacle to your testimony.   In fact, any invocation of attorney-client privilege in these circumstances is foreclosed by the D.C. Circuit case law, which makes clear that the privilege is inapplicable with respect to White House attorneys where the investigation relates to criminal wrongdoing.[10]

Finally, the Justice Department has no place informing you about the potential remedies that Congress may pursue in the exercise of its own Article I powers.[11]   The Committee has made clear that you risk serious consequences if you do not appear tomorrow.   As the district court already held with respect to Ms. Miers, you are "not excused from compliance with the Committee's subpoena by virtue of a claim of executive privilege that may ultimately be made."[12]   Instead, you "must appear before the Committee to provide testimony, and invoke executive privilege where appropriate."[13]   Should you fail to do so, the Committee is prepared to use all enforcement mechanisms at its disposal.

Sincerely,

Jerrold Nadler
Chairman
House Committee on the Judiciary

cc:   The Hon. Doug Collins
      Ranking Member, House Committee on the Judiciary

---

[9] *See* Letter to George T. Manning, Esq. from Fred F. Fielding, Counsel to the President (July 9, 2007), attached as Exhibit 20 in *Miers*, No. 08-409, 558 F. Supp. 2d 53 (D.D.C); *see also Miers*, 558 F. Supp. 2d at 62 (White House Counsel informed Miers that President Bush "had decided to assert executive privilege over the substance of Ms. Miers's testimony").

[10] *In re Lindsey*, 158 F.3d 1263, 1271-78 (D.C. Cir. 1998).

[11] *See* Engel Op. at 15

[12] *Miers*, 558 F. Supp. 2d at 106.

[13] *Id.*