IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY,<br>UNITED STATES HOUSE OF<br>REPRESENTATIVES,<br>2138 Rayburn House Office Building<br>Washington, D.C. 20515,<br><br>       *Plaintiff*,<br><br> v.<br><br>DONALD F. MCGAHN II,<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001,<br><br>       *Defendant*. | Case No. 1:19-cv-2379 |

# Exhibit GG

JERROLD NADLER, New York
CHAIRMAN

DOUG COLLINS, Georgia
RANKING MINORITY MEMBER

# U.S. House of Representatives
## Committee on the Judiciary
Washington, DC 20515–6216
One Hundred Sixteenth Congress

May 20, 2019

Donald F. McGahn II, Esq.
c/o William A. Burck, Esq.
Quinn Emanuel Urquhart & Sullivan
1300 I St. NW
Suite 9000
Washington, D.C. 20005

Dear Mr. McGahn:

    As you know, your presence is required tomorrow morning for a hearing before the Committee on the Judiciary pursuant to a subpoena compelling your testimony.[1]  This afternoon, White House Counsel Pat Cipollone informed me that President Trump has ordered you not to testify.[2]  President Trump's order—which seeks to block a former official from informing a coequal branch of government about his own misconduct—is unprecedented and, contrary to the letter received from your counsel this evening, does not excuse your obligation to appear before the Committee.

    *First*, although the Justice Department's Office of Legal Counsel (OLC) has produced an opinion purporting to excuse you from testifying, that opinion has no support in relevant case law, and its arguments have been flatly rejected by the courts.  As Judge Bates previously explained, the notion that a former White House Counsel is "absolutely immune" from a congressional subpoena has been "virtually foreclosed by the Supreme Court," which held several decades ago that senior White House aides do not enjoy such immunity even from civil damages suits.[3]  OLC's most recent opinion—which relies almost entirely on its own prior opinions—offers no persuasive reasoning for distinguishing Judge Bates's ruling or relevant Supreme Court case law.[4]

---

[1] Subpoena by Authority of the House of Representatives of the United States of America to Donald F. McGahn for documents and testimony, signed by Representative Jerrold Nadler, April 22, 2019.

[2] Letter to Hon. Jerrold Nadler, Chairman, H. Comm. on the Judiciary from Pat Cipollone, White House Counsel (May 20, 2019).

[3] *Comm. on the Judiciary, U.S. House of Reps. v. Miers*, 558 F. Supp. 2d 53, 100 (D.D.C. 2008) (citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

[4] *See* Steven A. Engel, Assistant Attorney General, Office of Legal Counsel, *Testimonial Immunity Before Congress of the Former Counsel to the President* (May 20, 2019) ("Engel Op.").

*Second*, the Justice Department's own longstanding policy is that "executive privilege. . . should not be invoked to conceal evidence of wrongdoing or criminality on the part of executive officers."[5] Tellingly, the Department's opinion ignores that policy entirely. Yet as I have already made clear, the Committee plans to ask you about instances in which the President took actions or ordered you to take actions that may constitute criminal offenses, including obstruction of justice. Despite the Department's apparent efforts to catalogue every instance in which a White House aide has refused to testify before Congress, the Department can cite no example where Congress planned to ask that White House aide about possible crimes committed by the President. Perhaps that is because—until now—no President would have engaged in such a transparent effort to block his own former aides from testifying about the President's misconduct.

*Third*, in addition to the President not asserting executive privilege with respect to your account of the relevant events that was published in the Special Counsel's report, the President himself has already called your credibility into question. He tweeted less than 10 days ago that he "was NOT going to fire Bob Mueller," denying a central event that you described to Special Counsel Mueller under penalty of felony. At the same time, he has asked you to state publicly that he did not engage in obstruction of justice.[6] In attacking your credibility and asking you to make public comments about these events, the President has not only further waived any possible privilege with regard to your testimony; he has also created substantial concerns about acts of witness intimidation and further obstruction of Congress's ongoing investigations. Because these incidents post-date your service as White House Counsel and occurred while you were a private citizen, the Committee is plainly entitled to ask you about them without raising even potential privilege issues.

*Fourth*, nowhere in OLC's 15-page opinion or in Mr. Cipollone's letter to me is there mention of President Trump actually invoking executive privilege. OLC's opinion deals exclusively with your purported "immunity" from testimony and concludes (erroneously) that you are "not legally required to appear and testify."[7] Mr. Cipollone's letter to me reiterates that conclusion and states that "the President has directed Mr. McGahn not to appear" at tomorrow's hearing.[8] But—in marked contrast to the letter sent by the White House to former White House Counsel Harriet Miers (which itself was rejected as improper by the court)—Mr. Cipollone's

---

[5] Robert B. Shanks, *Congressional Subpoenas of Department of Justice Investigative Files*, 8 Op. O.L.C. 252, 267 (1984).

[6] Michael S. Schmidt, *White House Asked McGahn to Declare Trump Never Obstructed Justice*, N.Y. Times, May 10, 2019.

[7] Engel Op. at 15.

[8] Letter to Hon. Jerrold Nadler, Chairman, H. Comm. on the Judiciary from Pat Cipollone, White House Counsel (May 20, 2019).

letter does not state that President Trump has asserted executive privilege with respect to your testimony, nor could he.[9] At most, the Department's conclusions regarding your "immunity" (even if accepted as correct, which they are not) mean that the decision whether to comply with the Committee's lawful subpoena rests solely in your hands.

*Fifth*, contrary to the reference in your counsel's letter, there has been no suggestion by President Trump or by anyone speaking on his behalf that attorney-client privilege poses an obstacle to your testimony. In fact, any invocation of attorney-client privilege in these circumstances is foreclosed by the D.C. Circuit case law, which makes clear that the privilege is inapplicable with respect to White House attorneys where the investigation relates to criminal wrongdoing.[10]

Finally, the Justice Department has no place informing you about the potential remedies that Congress may pursue in the exercise of its own Article I powers.[11] The Committee has made clear that you risk serious consequences if you do not appear tomorrow. As the district court already held with respect to Ms. Miers, you are "not excused from compliance with the Committee's subpoena by virtue of a claim of executive privilege that may ultimately be made."[12] Instead, you "must appear before the Committee to provide testimony, and invoke executive privilege where appropriate."[13] Should you fail to do so, the Committee is prepared to use all enforcement mechanisms at its disposal.

Sincerely,

*[signature: Jerrold Nadler]*

Jerrold Nadler
Chairman
House Committee on the Judiciary

cc: The Hon. Doug Collins
Ranking Member, House Committee on the Judiciary

---

[9] *See* Letter to George T. Manning, Esq. from Fred F. Fielding, Counsel to the President (July 9, 2007), attached as Exhibit 20 in *Miers*, No. 08-409, 558 F. Supp. 2d 53 (D.D.C); *see also Miers*, 558 F. Supp. 2d at 62 (White House Counsel informed Miers that President Bush "had decided to assert executive privilege over the substance of Ms. Miers's testimony").

[10] *In re Lindsey*, 158 F.3d 1263, 1271-78 (D.C. Cir. 1998).

[11] *See* Engel Op. at 15

[12] *Miers*, 558 F. Supp. 2d at 106.

[13] *Id.*