**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

COMMITTEE ON THE JUDICIARY,
UNITED STATES HOUSE OF
REPRESENTATIVES,

                                   *Plaintiff*,

        v.                                              No. 19-cv-2379 (KBJ)

DONALD F. MCGAHN II,

                                   *Defendant*.

**NOTICE**

Plaintiff Committee on the Judiciary (Committee) respectfully submits this Notice to apprise the Court of the state of the parties' negotiations concerning an interview with Donald McGahn, and of new authority issued following the filing of Plaintiff's final summary judgment brief that bears on Plaintiff's showing that no accommodation is possible here and that the Court must decide this case.

**1.** Contrary to McGahn's contention, *see* Def.'s Reply at 27-30 (Oct. 25, 2019), ECF No. 40, the parties have been and "currently remain at an impasse" regarding a potential Committee interview of McGahn, Pl.'s Opp'n at 38 (Oct. 16, 2019), ECF No. 37. The parties have spoken on several occasions since October 1, 2019, when McGahn raised the notion that the White House Counsel's Office would "*consider* an interview" of him by the Committee, Def.'s Opp'n at 45 (Oct. 1, 2019), ECF No. 32 (emphasis added), and the Committee has offered a variety of accommodations in a good faith effort to pursue a compromise. In response, however, the White House has insisted on terms that are unacceptable to the Committee. For example, the White House requires that any interview of McGahn not be conducted as part of the Committee's

impeachment inquiry, notwithstanding that the Committee's exercise of its constitutional function of deciding whether to recommend articles of impeachment has been and remains one of the essential purposes for which it is seeking McGahn's testimony. *See, e.g.*, Compl. ¶¶ 4, 5 (Aug. 7, 2019), ECF No. 1.  There is plainly no accommodation that will break this impasse.

**2.**   Nor do McGahn's arguments that the Administration has "agree[d]" to provide the Committee with "FBI reports of interviews of Mr. McGahn" or other "documents in Mr. McGahn's possession" provide any reason for the Court to abstain. Def.'s Reply at 27, 29; *see id.* at 44 n.25.  Quite the contrary, as the Committee has advised the Court regarding the FBI-302 reports of McGahn's interviews—and as is also true of the "other documents" McGahn references—none of these materials has actually been produced to the Committee. *See* Pl.'s Reply at 39.  And the Department of Justice (DOJ) "has raised substantial doubts" about whether these materials will *ever* be produced to the Committee, despite agreements by the White House and DOJ to do so many months ago. *Id.*

Last week, another judge of this Court rejected an argument by DOJ nearly identical to that which it presses here. *See In re App. of the Comm.*, — F. Supp. 3d —, 2019 WL 5485221, at *36-37 (D.D.C. Oct. 25, 2019), *appeal filed*, No. 19-5288 (D.C. Cir. Oct. 28, 2019).  In that case, over DOJ's objection, the court authorized the disclosure of certain grand jury materials redacted from the Mueller Report to the Committee as part of the Committee's impeachment inquiry. *Id.* at *2.  DOJ had argued that the Committee could not establish the requisite "particularized need" on the theory that the Committee could rely on other sources of information, including the same FBI-302 reports that McGahn invokes in service of his accommodations argument here. *Id.* at *36.  In dismissing DOJ's contention that the court should "wait[] for DOJ to fulfill its promised production of FBI interview reports," the court

stated:

> These arguments smack of farce.  The reality is that DOJ and the White House have been openly stonewalling the House's efforts to get information by subpoena and by agreement, and the White House has flatly stated that the Administration will not cooperate with congressional requests for information.  *See* Letter from Pat A. Cipollone, Counsel to the President, to Representative Nancy Pelosi, Speaker of the House, et al. (Oct. 8, 2019) at 2. …
>
> The White House's stated policy of non-cooperation with the impeachment inquiry weighs heavily in favor of disclosure.

*In re App. of the Comm.*, 2019 WL 5485221, at *36-37.

That same stonewalling necessitates the Court's intervention here.

Respectfully submitted,

*/s/ Douglas N. Letter*
Douglas N. Letter (DC Bar No. 253492)
   *General Counsel*
Todd B. Tatelman (VA Bar No. 66008)
   *Deputy General Counsel*
Megan Barbero (MA Bar No. 668854)
   *Associate General Counsel*
Josephine Morse (DC Bar No. 1531317)
   *Associate General Counsel*
Adam A. Grogg (DC Bar No. 1552438)
   *Assistant General Counsel*
OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
Telephone: (202) 225-9700
douglas.letter@mail.house.gov

Annie L. Owens (DC Bar No. 976604)
Joshua A. Geltzer (DC Bar No. 1018768)
Seth Wayne (DC Bar No. 888273455)
INSTITUTE FOR CONSTITUTIONAL
ADVOCACY AND PROTECTION
Georgetown University Law Center
600 New Jersey Avenue NW
Washington, D.C. 20001
Telephone: (202) 662-9042
ao700@georgetown.edu

*Counsel for Plaintiff, Committee on the Judiciary,*
*United States House of Representatives*

October 29, 2019