**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>               *Plaintiff*,<br><br>   v.<br><br>DONALD F. MCGAHN II,<br><br>               *Defendant*. | No. 19-cv-2379 (KBJ) |

**PLAINTIFF'S NOTICE OF REQUEST FOR EXPEDITED RULING**

Plaintiff, Committee on the Judiciary (Committee) of the United States House of Representatives, respectfully requests an expedited ruling in this case, given the Committee's urgent need for Defendant Donald McGahn's testimony for use in the House's impeachment inquiry and the mounting broader ramifications of a ruling in this case for that quickly progressing inquiry.

At the conclusion of the October 31, 2019, oral argument, this Court noted that it could provide an expedited ruling on the parties' cross motions should either party require one. Specifically, the Court stated, "I trust that if you have not heard from me and you need … an expedited ruling, you will bring that to my attention by notice.  We can arrange then for me to get an answer to you, maybe by an oral ruling with an opinion to follow[.]"  Tr. of Oct. 31, 2019 Oral Arg. at 161.

The Committee respectfully requests that the Court issue an expedited ruling.  On August 26, 2019, the Committee filed a Motion for Preliminary Injunction or, in the Alternative, for Expedited Partial Summary Judgment, requesting that this Court "speedily declare that the

Executive's directive that McGahn not appear is unlawful" and "enjoin McGahn to testify."  Pl.'s

Mot. for Prelim. Inj. at 3 (Aug. 26, 2019), ECF No. 22-1.  The Committee requested a

preliminary injunction because the "Committee's need for McGahn's testimony" for use in the

Committee's impeachment investigation was "urgent," and "[e]very day that McGahn defies the

Committee's subpoena delays and diminishes its investigation."  *Id.*  The Committee agreed to

have the Court resolve this case on partial summary judgment on an expedited schedule,

reflecting the time-sensitive nature of these proceedings.  *See* Joint Scheduling Proposal (Aug.

30, 2019), ECF No. 28.

Since the Committee filed its initial motion in August, its need for McGahn's testimony

has become even more pressing.  As detailed in its previous filings, for months the Committee

has been investigating the substantial evidence of misconduct detailed in the Mueller Report as

part of the Committee's consideration of "whether to approve articles of impeachment with

respect to the President."  H. Rep. No. 116-105, at 13 (June 6, 2019).  On September 24, 2019,

that investigation accelerated when House Speaker Nancy Pelosi announced that "the House of

Representatives is moving forward with an official impeachment inquiry," directing six

Committees—including the Judiciary Committee—to "proceed with their [ongoing]

investigations under that umbrella of impeachment inquiry."[1]  The Committee's investigation

gained additional urgency with the House's adoption, on October 31, 2019, of House Resolution

660, which directs those six Committees "to continue their ongoing investigations as part of the

existing House of Representatives inquiry into whether sufficient grounds exist for the House of

Representatives to exercise its Constitutional power to impeach Donald John Trump, President

of the United States of America."  H. Res. 660, 116th Cong., at 1 (2019).

---

[1] Press Release, Speaker of the House, Pelosi Remarks Announcing Impeachment Inquiry (Sept. 24, 2019), https://perma.cc/6EQM-34PT.

As part of the House's impeachment inquiry, the Committee is continuing to investigate instances of misconduct recounted in the Mueller Report, including episodes in which McGahn was involved. As counsel informed another judge of this Court during argument regarding the Committee's request for access to grand jury materials as part of its impeachment investigation, the Committee "has continued to work very strenuously … trying to get testimony from people like Mr. McGahn" in order to consider "articles [of impeachment] which could easily include obstruction of justice."[2] More recently, the Committee report accompanying House Resolution 660 specifically described the evidence that the President engaged in obstruction of justice as to the Special Counsel's investigation, including the conduct for which McGahn is the principal witness. *See* H. Rep. No. 116-266, at 3-4 (2019).

In addition, recent evidence produced in the criminal proceedings against former Trump Campaign advisor Roger Stone indicates that President Trump may have provided false statements in his written answers to the Special Counsel's office. *Compare* Mueller Report App. C-18–C-19 (denying any recollection of conversations with Stone about WikiLeaks and any awareness of Stone discussing WikiLeaks with other campaign officials), *with* Tr. of Jury Trial Day 5 at 939-40, 946, *United States v. Stone*, No. 19-cr-18 (D.D.C. Nov. 12, 2019) (testimony of former deputy campaign manager Rick Gates describing a phone call between Trump and Stone at the conclusion of which Trump informed Gates that more releases of stolen emails would be coming); *id.* at 938 (testimony from Gates that Trump was kept "updat[ed]" on information Stone conveyed to other campaign officials).

---

[2] *See* Tr. of Oct. 8, 2019 Oral Arg. at 32, *In re Application of the Comm. on the Judiciary, U.S. House of Reps., for an Order Authorizing the Release of Certain Grand Jury Materials*, No. 19-gj-48, 2019 WL 5485221 (D.D.C. Oct. 25, 2019), *appeal pending*, No. 19-5288 (D.C. Cir.).

Given that the House's impeachment inquiry is proceeding rapidly, the Committee has a finite window of time to effectively obtain and consider McGahn's testimony.  Indeed, the House Permanent Select Committee on Intelligence (HPSCI) commenced public impeachment hearings last week.[3]  The Judiciary Committee anticipates holding hearings after HPSCI's public hearings have concluded and would aim to obtain Mr. McGahn's testimony at that time.  Thus, there is an urgent need for final resolution of the matter now pending before this Court.

Finally, the Executive Branch has failed to engage in any further accommodation efforts regarding the production of FBI-302 reports or other materials requested by the Committee. Expeditious resolution of this matter is therefore necessary in light of the Executive Branch's "openly stonewalling" the House's investigative efforts.  *In re Application*, 2019 WL 5485221, at *36.

The Committee therefore respectfully requests, consistent with the Court's express invitation at the October 31 hearing, that this Court issue an order in this case, ideally with a concurrent written opinion or if necessary with one to follow, as soon as possible to enable the Committee to determine the appropriate next steps.

Respectfully submitted,

*/s/ Douglas N. Letter*
Douglas N. Letter (DC Bar No. 253492)
    *General Counsel*
Todd B. Tatelman (VA Bar No. 66008)
    *Deputy General Counsel*
Megan Barbero (MA Bar No. 668854)
    *Associate General Counsel*
Josephine Morse (DC Bar No. 1531317)
    *Associate General Counsel*
Adam A. Grogg (DC Bar No. 1552438)
    *Assistant General Counsel*

---

[3] *See* Press Release, HPSCI, House Intelligence Committee Announces First Week of Open Hearings with William Taylor, George Kent and Marie Yovanovitch (Nov. 6, 2019), https://perma.cc/SZG6-ND34.

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
Telephone: (202) 225-9700
douglas.letter@mail.house.gov

Annie L. Owens (DC Bar No. 976604)
Joshua A. Geltzer (DC Bar No. 1018768)
Seth Wayne (DC Bar No. 888273455)
INSTITUTE FOR CONSTITUTIONAL
ADVOCACY AND PROTECTION
Georgetown University Law Center
600 New Jersey Avenue NW
Washington, D.C. 20001
Telephone: (202) 662-9042
ao700@georgetown.edu

*Counsel for the Committee on the Judiciary, of the
U.S. House of Representatives*

November 19, 2019