IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>      *Plaintiff*,<br><br>    v.<br><br>DONALD F. MCGAHN II,<br><br>      *Defendant*. | Case No. 19-cv-2379 (FYP) |

**CONSENT MOTION FOR VOLUNTARY DISMISSAL**

  Plaintiff Committee on the Judiciary of the United States House of Representatives ("Committee") hereby moves to dismiss its complaint in the above-captioned matter pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, as contemplated by the accommodation agreement between the Committee and the Executive Branch as represented by the Department of Justice, which is attached to this motion as an addendum. The Department of Justice consents to the relief sought in this motion.

  1. On August 7, 2019, the Committee filed a complaint against Mr. McGahn in the above-captioned matter seeking declaratory and injunctive relief. Mr. McGahn was represented in his official capacity as former Counsel to the President by the Department of Justice. On November 25, 2019, this Court issued an order and opinion granting partial summary judgment in favor of the Committee, denying Mr. McGahn's motion for summary judgment, declaring that Mr. McGahn is not immune from Congressional process, and enjoining Mr. McGahn to comply with the Committee's subpoena. *Comm. on Judiciary, U.S. House of Representatives v. McGahn*, 415 F. Supp. 3d 148 (D.D.C. 2019).

2. On appeal, a panel of the D.C. Circuit initially held that the Committee lacked Article III standing to enforce its subpoena to Mr. McGahn.  *See Comm. on Judiciary v. McGahn*, 951 F.3d 510 (D.C. Cir. 2020).  The D.C. Circuit subsequently granted rehearing en banc, reversed, and remanded to the panel for consideration of the remaining issues in the case.  *See Comm. on Judiciary v. McGahn*, 968 F.3d 755 (D.C. Cir. 2020) (en banc).

3. On remand, the panel ruled that the Committee lacked a cause of action to enforce its subpoena to Mr. McGahn.  *See* 973 F.3d 121, 125 (D.C. Cir. 2020).  The D.C. Circuit once again ordered rehearing en banc so that the full Court could consider the Committee's cause of action and the remaining issues in the case.  *See* Order, No. 19-5331 (D.C. Cir. Oct. 15, 2020).

4. On May 12, 2021 after engaging in the accommodation process, the parties reached an agreement to resolve their dispute before the en banc Court had an opportunity to review the panel's decision.  Pursuant to that agreement, the Executive Branch agreed not to assert testimonial immunity and to allow Mr. McGahn to appear before the Judiciary Committee for a transcribed interview, according to the terms set forth in the agreement.  On June 4, Mr. McGahn appeared and answered the questions posed to him.

5. On June 10, in light of Mr. McGahn's testimony, the parties requested that the D.C. Circuit dismiss the pending appeal.  On July 13, the D.C. Circuit granted the motion to dismiss the appeal and vacated the panel opinion.

6. Accordingly, because further litigation in this case is unnecessary, and pursuant to the parties' accommodation agreement, the Committee respectfully requests that this Court dismiss the Committee's complaint.

Dated: December 3, 2021						*/s/ Douglas N. Letter*
							Douglas N. Letter (D.C. Bar No. 253492)
							*General Counsel*
							Todd B. Tatelman (VA Bar No. 66008)
							Stacie M. Fahsel (D.C. Bar. No. 1034314)
							Eric R. Columbus (D.C. Bar No. 487736)
							OFFICE OF GENERAL COUNSEL
							U.S. HOUSE OF REPRESENTATIVES
							5140 O'Neill House Office Building
							Washington, D.C. 20515
							(202) 225-9700
							Douglas.Letter@mail.house.gov

							*Counsel for the Committee on the Judiciary,*
							*United States House of Representatives*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, I caused the foregoing Motion for Voluntary Dismissal of Plaintiff Committee on the Judiciary of the United States House of Representatives to be filed via the CM/ECF system for the U.S. District Court for the District of Columbia, which I understand caused a copy to be served on all registered parties.

*/s/ Douglas N. Letter*
Douglas N. Letter